IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Criminal Case **No. 10-cr-581-JLK**

**UNITED STATES OF AMERICA,**

    Plaintiff

v.

**1. MATTHEW S. AMOS**,

    Defendant.

---

ORDER

---

    This matter is currently set for a Sentencing Hearing on June 13, 2011. In anticipation of this hearing, the United States Probation Department has prepared a Presentence Investigation Report ("PSR") prsuant to 18 U.S.C. § 3552 and Fed. R. Crim. P. 32(d).

    Based on the PSR and information submitted by the parties, it is apparent that Mr. Amos has a chronic illness requiring treatment of a specialized nature. Further, Mr. Amos's potential incarceration presents unique issues and concerns due to his law enforcement identification. The PSR reveals that this is his only criminal conviction. There is no indication of substance or alcohol abuse. He is an honorably discharged and decorated combat veteran, married, and the father of two young children. Other than a pro forma claim of the need for a deterrent sentence, there is no analysis of possible recidivism, no indication of danger to the public, no description of the need for

punishment and no mention of possible further training or education.

The imposition of a criminal sentence is both a legal and a moral act and it is never to be regarded as routine. Although the PSR comports with the minimum statutory requirements, I find it inadequate. The following deficiencies must be addressed before I can sentence Mr. Amos:

1. Mr. Amos has obstructive sleep apnea and requires the use of a CPAP (Continuous Positive Air Pressure) respirator every night. This condition can be lethal unless treated and the CPAP used and monitored regularly.

>   a. There is no medical evaluation of Mr. Amos's obstructive sleep apnea. Episodes of sleep apnea are not all the same. They vary in intensity and are sporadic in occurrence. What are the specifics of Mr. Amos's condition and treatment requirements?
>
>   b. There is nothing in the PSR indicating what steps the Bureau of Prisons would take to provide adequate care for Mr. Amos, no indication of which facility might be designated in the event a prison sentence is imposed, whether prisoners are permitted to have CPAPs, or what care might be available.

2. As a former corrections officer, Mr. Amos is at high risk as a prisoner. A suitable facility that can provide for treatment, education, and safety must be designated in advance or I will not place him in BOP custody.

3. The BOP is asserting that a deterrent sentence is required, yet there is no information about the sentences other corrections officers have received, how many cases were investigated, how many filed, or how many in which prosecution was declined. (See the Sentencing Memorandum in *U.S. v. Brownfield*, No. 1:08-cr-00452-JLK (D. Colo. Dec. 18, 2009) for a discussion of the whimsical nature of what constitutes a deterrent sentence in these cases.)

4. There is no discussion or recommendation relating to the U.S. Supreme Court's decisions about the rule of lenity applying to military veterans. (Also cited in *Brownfield.*)

5. There is no evaluation of the usefulness of the information he gave to the prosecution, whether it aided ongoing investigations or resulted in further investigations of other BOP employees, or whether Amos will be needed as a witness

    in other prosecutions.

    6. There is nothing in the PSR indicating what data was used by the Sentencing Commission to justify its calculations.

    7. There is nothing in the PSR addressing the need for training or education in spite of the fact that because of this conviction Mr. Amos cannot return to his former occupation or make use of the police training he received in the military.

    8. There is a clear indication that Mr. Amos is in need of education and training in managing his personal and family finances. He is on the verge of bankruptcy. What steps are recommended to relieve and prevent financial distress?

    9. What specific conditions and terms for treatment, employment, education, and home confinement could be coordinated into a viable alternative to incarceration?

I am not willing to sentence Mr. Amos with the foregoing unanswered. Accordingly, the Sentencing Hearing set for June 13, 2011 is VACATED. The Probation Department, the U.S. Attorney, and defense counsel shall address the above-cited issues with specificity. An amended PSR shall be filed no later than July 21, 2011, and the parties shall file any objections pursuant to the timing provisions of Fed. R. Crim. P. 32. Once I have received adequate information to fulfill my sentencing duty, I will re-set the Sentencing Hearing in this matter.

Dated: June 7, 2011                            BY THE COURT:

                                                            **/s/ John L. Kane**
                                                            Senior U.S. District Judge